UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA GENE CHOATE, | ) |
| | ) CASE NO. C12-0311-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER RE: SOCIAL SECURITY |
| | ) DISABILITY APPEAL |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff Angela Gene Choate appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XIV of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is AFFIRMED.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1978 and was 29 years old on the alleged disability onset date. (Administrative Record ("AR") 26.) She completed high school and a two year degree in

ORDER
PAGE -1

Computer Animation. (AR 46-47.) Her past work experience includes employment as a cashier checker, deli clerk, flower salesperson, nurse assistant, sales clerk, and scanner operator. (AR 26, 64-65.)

In December 2008, plaintiff applied for DIB and SSI, alleging disability beginning April 1, 2008. (AR 169-77.) She asserts she is disabled due to post traumatic stress disorder ("PTSD"), bipolar disorder, hearing loss, asthma, irritable bowel syndrome, and migraine headaches. (AR 217.)

The Commissioner denied plaintiff's applications initially and on reconsideration. (AR 75-78, 81-86.) Thereafter, plaintiff requested a hearing. (AR 87-88.) An initial hearing was held on October 13, 2010, but the hearing was continued to provide plaintiff time to obtain additional records. (AR 34-38.) On December 17, 2010, a supplemental hearing was held in Wenatchee, Washington. (AR 39-70.) On January 21, 2011, the ALJ issued a decision finding plaintiff not disabled. (AR 16-28.) The Appeals Council denied plaintiff's request for review (AR 1-6), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On February 23, 2012, plaintiff timely filed the present action challenging the Commissioner's decision. (Dkt. No. 2.)

## II.  JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it

must be determined whether the claimant has engaged in substantial gainful activity. The ALJ found plaintiff had not engaged in substantial gainful activity since April 1, 2008, the alleged disability onset date. (AR 18.) At step two, it must be determined whether the claimant suffers from a severe impairment. The ALJ found plaintiff had the following severe impairments: PTSD, bipolar disorder, hearing loss, asthma, latex sensitivity, and obesity. *Id*. Step three asks whether the claimant's impairments meet or equal the criteria of a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 19.) If the claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff had the ability to perform light work, except she can occasionally climb stairs and ramps, balance, kneel, and crawl; and she can never climb ladders, ropes, or scaffolds. (AR 21.) She should avoid unprotected heights, concentrated exposure to extreme cold, odors, dusts, gases, fumes, latex, loud noises, and concentrated exposure to hazards such as heavy machinery. *Id*. In addition, the ALJ found she can have occasional contact with the public and coworkers, but would need a low stress environment with no more than average production requirements. *Id*. With that assessment, the ALJ found plaintiff was able to perform her past work as scanner operator. (AR 26.)

If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. Based on

ORDER
PAGE -3

the testimony of the vocational expert, the ALJ also found plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, and, therefore, was not disabled. (AR 26-27.)

Plaintiff argues that the ALJ erred by failing to include any limitations attributable to her migraine headaches in the RFC assessment, and by failing to properly evaluate the medical evidence related to her mental impairments. (Dkt. No. 16.) She requests remand for an award of benefits or, in the alternative, for further administrative proceedings. *Id*. at 9. The Commissioner argues that the ALJ's decision is supported by substantial evidence, and should be affirmed. (Dkt. No. 17.)

### A. The ALJ's Consideration of Plaintiff's Migraine Headaches

Plaintiff argues that the ALJ erred in assessing her RFC by failing to include any limitations relating to her "significant history of migraine headaches." (Dkt. No. 16 at 3.) Plaintiff does not challenge the ALJ's finding that she is able to perform light work with additional environmental limitations, but contends that she is not capable of any exertional capacity during migraine headache episodes. *Id*. at 4. Aside from this assertion, plaintiff provides no argument in support of this claim.

The Court need not address an alleged error that is not argued with any specificity in the party's briefing. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008). Moreover, the ALJ specifically addressed plaintiff's migraine headaches, finding as follows:

> In 2007 and 2008, the claimant was complaining of migraine headaches every one to two weeks; however, there is evidence of record indicating she was not paying attention to migraine triggers in that she was drinking too much caffeine

>(approximately six sodas per day) and not getting enough sleep. In addition, in April 2009, it was stated the claimant's migraine headaches were under control with Atenolol and she had not had a migraine headache since January 2009. She did not report having headaches again until December 2009 and October 2010, which suggests, contrary to her testimony, her migraines have been under control since early 2009 (Exhibits 1F [AR 257-98], 2F [299-349], 5F [376-95], 9F [459-500], 17F [559-63], 29F [784-88]).

(AR 24.) Fundamentally, plaintiff asks for a different weighing of the evidence from that conducted by the ALJ. However, the findings of the Commissioner, if supported by substantial evidence, "shall be conclusive." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). The ALJ's finding that plaintiff's migraine headaches are controlled by medication is supported by substantial evidence, as plaintiff and her treating physicians made the observations the ALJ relies upon. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling . . ."). Plaintiff has not established error in the ALJ's consideration of her migraine headaches.

B. <u>The ALJ's Evaluation of Plaintiff's Mental Impairments</u>

Plaintiff also argues that the ALJ erred in the assessment of her mental limitations. (Dkt. No. 16 at 5.) She contends that the opinions of Caitlin Newman, M.S., and Crystal Coffey, Pharm. D., show she has more significant mental limitations than the ALJ found.

In evaluating the weight to be given to the opinions of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "other sources." Acceptable medical sources include, for example, licensed physicians and psychologists, while other non-specified medical providers are considered "other sources." 20 C.F.R. §§ 404.1513(a), (e), 416.913(a), (e); Social Security Ruling ("SSR") 06-03p.

ORDER
PAGE -5

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ does this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). Rather than merely stating his conclusions, the ALJ "must set forth his own interpretations and explain why they, rather that the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Less weight may be assigned to the opinions of other sources. *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, "[s]ince there is a requirement to consider all relevant evidence in an individual's case record," the ALJ's decision "should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity." SSR 06-03p. "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when

ORDER
PAGE -6

such opinions may have an effect on the outcome of the case." *Id.; see also Smolen*, 80 F.3d at 1288-89 (ALJ must provide germane reasons as to lay testimony).

*1. Caitlin Newman, M.S.*

Ms. Newman completed three psychological evaluations for the Washington State Department of Social and Health Services ("DSHS") on May 19, 2008, November 10, 2008, and October 19, 2009. (AR 367-71, 399-403, 656-67.) Ms. Newman diagnosed plaintiff with PTSD and bipolar disorder, and opined that she had predominantly marked cognitive and social limitations. *Id*.

The ALJ gave little weight to Ms. Newman's opinions that plaintiff had marked cognitive and social limitations for several reasons. First, the ALJ rejected her opinions because they were based primarily on plaintiff's self-reports, which the ALJ discounted as not credible. (AR 25.) An ALJ may reject a physician's opinion if it is based on a claimant's self-reports that have been properly discounted as incredible. *Tonapetyan v. Halter*, 242 F.3d 144, 1149 (9th Cir. 2001); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). A review of Ms. Newman's evaluations reveals that they were largely premised on plaintiff's subjective complaints, with little independent analysis or diagnosis. (AR 22.) Plaintiff did not challenge the ALJ's credibility finding, and thus has waived this argument. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

Second, the ALJ rejected Ms. Newman's opinions on the grounds that Ms. Newman was an examining mental health professional and her opinions were contradicted by the opinion of plaintiff's treating mental health professional Michael Haley, ARNP. (AR 25.) As the

ORDER
PAGE -7

ALJ noted, Mr. Haley assigned plaintiff a global assessment of functioning ("GAF")[1] score of 60, stating that "[s]he has some moderate symptoms, generally functioning, but with some difficulty." (AR 364.) The ALJ properly considered and accorded greater weight to the opinion of Mr. Haley's under 20 C.F.R. §§ 404.1527 and 416.927, and against the opinion of Ms. Newman, an examining, nontreating source.

Third, the ALJ rejected Ms. Newman's opinions because they were inconsistent with the results of the mental status examination (29 out of 30), which the ALJ found did not suggest plaintiff had marked limitations in cognitive functioning. (AR 25.) The ALJ further noted that Ms. Newman did not conduct any clinical testing to support her assessment of marked limitations, which the ALJ found was inconsistent with plaintiff's treatment records as a whole. *Id*. Inconsistency with the medical evidence is a germane reason for rejecting the evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

As indicated above, the ALJ may discount the opinion of a non-acceptable medical source by providing reasons that are germane to that source. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The ALJ provided several germane reasons for giving little weight to Ms. Newman's opinions regarding plaintiff's mental health functioning. The ALJ did not err.

*2. Crystal Coffey, Pharm. D.*

Ms. Coffey conducted a psychiatric evaluation and provided medication management between November 3, 2010, and December 7, 2010. (AR 795-802.) She diagnosed plaintiff

---

[1] The GAF score is a subjective determination based on a scale of 1 to 100 of "the clinician's judgment of the individual's overall level of functioning." American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32-34 (4th ed. 2000).

ORDER
PAGE -8

with PTSD, bipolar disorder, and alcohol abuse, and assigned her a GAF score of 55, indicating moderate symptoms or moderate difficulty in social or occupational functioning. DSM-IV at 34. However, the ALJ gave little weight to the GAF score of 55 provided by Ms. Coffey, finding it was not supported by plaintiff's treatment history and was based primarily on plaintiff's self-report. (AR 26.)

As indicated above, an ALJ may reject a physician's opinion if it is based on a claimant's self-reports that have been properly discounted as incredible. *Tonapetyan*, 242 F.3d at 1149; *Morgan*, 169 F.3d at 602. Ms. Coffey's records indicate her opinion was based primarily on plaintiff's subjective complaints, which the ALJ properly discounted as not credible. In addition, the ALJ found no evidence in the record that plaintiff's symptoms had worsened since Mr. Haley assessed a GAF of 60, finding that plaintiff had "some moderate symptoms, generally functioning, but with some difficulty." (AR 26, 364.) The ALJ also noted that Ms. Coffey had a degree as a Doctor of Pharmacy, and there was no evidence in the record that she had any educational background in psychology. (AR 26.) As such, her opinion must be given the weight of lay testimony.[2] The ALJ provided sufficient reasons to discount Ms. Coffey's opinion under SSR 06-03p. Accordingly, this claim does not require reversal.

Plaintiff argues that there is no conflict between the assessments of Mr. Haley, Ms.

---

[2] Plaintiff asserts that Ms. Coffey is a psychiatrist with a medical degree. (Dkt. No. 16 at 8.) Contrary to plaintiff's assertion, the record reflects that Ms. Coffey has a Doctor of Pharmacy, and thus is neither a doctor nor a psychiatrist. As a pharmacist, Ms. Coffey is not an "acceptable medical source" as defined in the Social Security regulations. *See* 20 C.F.R. §§ 404.1513(d), 416.913(d). The ALJ could, therefore, discount her opinion by providing germane reasons. *Dodrill*, 12 F.3d at 919.

ORDER
PAGE -9

Newman, and Ms. Coffey, and that "all of the providers portray the plaintiff as having a severe mental impairment." (Dkt. No. 16 at 8.) As the Commissioner points out, however, the ALJ found plaintiff's PTSD and bipolar disorder to be severe. Furthermore, the ALJ properly incorporated all of plaintiff's limitations and restrictions she found credible and supported by substantial evidence into the RFC assessment, limiting her to occasional contact with the public and coworkers, and a low stress environment with no more than average production requirements. (AR 21.) Plaintiff does not indicate what additional limitations, if any, could be attributed to Ms. Coffey.

Plaintiff essentially argues for a different weighing of the evidence. However, the role of this Court is limited. As noted above, it is the duty of the ALJ to resolve conflicts in medical testimony and other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). While it is perhaps possible to construe the medical evidence as urged by plaintiff, it is not possible to conclude that her interpretation is the only rational interpretation. The Court finds that the reasons given by the ALJ to discount Ms. Coffey's opinion were germane and supported by substantial evidence in the record. The ALJ did not err in her assessment of Dr. Coffey's opinion.

/ / /

/ / /

/ / /

/ / /

ORDER
PAGE -10

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

DATED this <u>7th</u> day of August, 2012.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE -11